IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-02812-MEH

JOHN L. CALVERT,

    Petitioner,

v.

DEBORAH DENHAM,

    Respondent.

---

**ORDER ON MOTION FOR PRELIMINARY INJUNCTION**

---

**Michael E. Hegarty, United States Magistrate Judge**.

    Before the Court is Petitioner's "Motion to Order the B.O.P. F.C.I. Englewood to Take Applicant Off I.F.R.P. Refusal Status and All Other Punishments Related to Applicant Being on I.F.R.P. Refusal Status," which the Court has liberally construed as a motion for preliminary injunction pursuant to Fed. R. Civ. P. 65 [filed November 7, 2016; ECF No. 46]. The parties consented to this Court's jurisdiction on May 16, 2016. ECF Nos. 26, 27. For the reasons that follow, the Court denies the Petitioner's motion.

    Petitioner is an inmate at the Bureau of Prison's ("BOP") Federal Correctional Institution ("FCI") in Englewood who instituted this habeas corpus action on December 24, 2015 and, at the Court's request, filed the operative Amended Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 on February 12, 2016. ECF Nos. 1, 7. Petitioner requests an order (1) requiring the Respondent to charge him only 10% of his monthly income pursuant to a previous court order, (2) finding the Respondent in contempt of the previous court order, and (3) ordering the Petitioner's immediate release from prison based on the Respondent's alleged violation of a court order in charging him $25 per month under an Inmate Financial Responsibility Program ("IFRP"). ECF No.

7.

In the present motion, the Petitioner states, "[t]he B.O.P. is now complying with the court's ordered payment plan for IFRP payments by only ass[ess]ing 10% of applicant's monthly income." ECF No. 46 at 2 (emphasis in original).  However, Petitioner alleges that Respondent has not allowed him to be housed in a cell ordered by a BOP doctor, scored him "low" during a team review, denied him a drop in custody points, placed him on a "commissary restriction," and denied him admittance to the "hobby craft program" all because he is on "IFRP refusal status." ECF No. 46. Respondent does not deny that Petitioner is currently "in refuse status," explaining he "has refused to sign all IFRP contracts since August 2016 or remit payments under the IFRP."  Resp., ECF No. 48 at 3.  Respondent refers to Petitioner's Attachment #3 (ECF No. 46 at 12-15) containing IFRP Agreements dated August-November 2016 in which the BOP has calculated monthly payments as 10% of the Petitioner's monthly income.  Respondent contends, however, that Petitioner is improperly attempting to use a motion for preliminary injunction to expand the relief he seeks in this habeas action.

The Court agrees with Respondent.  It is improper to expand a petition beyond habeas corpus to seek injunctive relief pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).  *See Chambers v. Chester*, No. 10-3033-RDR, 2010 WL 4622212, at *1 (D. Kan. Nov. 5, 2010) (citing *Simmat v. U .S. Bureau of Prisons*, 413 F.3d 1225, 1231 (10th Cir. 2005)).  In other words, an applicant may not seek an injunction regarding the conditions of his confinement in a habeas proceeding.  "Such relief must be pursued in a separate civil action subject to a [ ] district court filing fee, and to the provisions imposed by 28 U.S.C. §§ 1915 and 1915A on non-habeas civil actions filed in federal court by prisoners." *Id.*; *see also Rael v. Williams*, 223 F.3d 1153, 1154 (10th Cir. 2000) (recognizing that federal claims challenging the conditions of [ ]

confinement generally do not arise under § 2241); *Preiser v. Rodriguez*, 411 U.S. 475, 489-90 (1973) (habeas corpus proceedings are the proper mechanism for challenging the "legality or duration" of confinement, not the "conditions" of confinement).

The Court finds that in seeking relief for "punishments" he alleges he is suffering as a result of his placement on "IFRP refusal status," Petitioner challenges the conditions of his confinement, not the fact or duration of his confinement. Accordingly, because Petitioner's request for injunctive relief is not related to, nor properly granted in, this habeas action, the Petitioner has failed to demonstrate the necessity of his request in this action and the motion will be denied. *See Schrier v. Univ. of Colo.*, 427 F.3d 1253, 1258 (10th Cir. 2005) (a preliminary injunction is an extraordinary remedy that should be granted only when the moving party clearly and unequivocally demonstrates its necessity).

Based on the foregoing, Petitioner's "Motion to Order the B.O.P. F.C.I. Englewood to Take Applicant Off I.F.R.P. Refusal Status and All Other Punishments Related to Applicant Being on I.F.R.P. Refusal Status," which the Court has liberally construed as a motion for preliminary injunction pursuant to Fed. R. Civ. P. 65 [filed November 7, 2016; ECF No. 46] is **denied**.

Dated at Denver, Colorado, this 15th day of December, 2016.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge